TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

---

| | |
|---|---|
| OPINION : | |
| : | No. 96-803 |
| of : | |
| : | March 21, 1997 |
| DANIEL E. LUNGREN : | |
| Attorney General : | |
| : | |
| GREGORY S. GONOT : | |
| Deputy Attorney General : | |
| : | |

---

THE HONORABLE THOMAS W. SNEDDON, JR., DISTRICT ATTORNEY, COUNTY OF SANTA BARBARA, has requested an opinion on the following questions:

1. When an arrest warrant or bench warrant is issued after a defendant has failed to appear in court upon being released from the county jail and the defendant is rearrested in another county, which agency bears the cost of transporting the defendant back to the original county?

2. When a warrant for rearrest is issued for a violation of probation and the defendant is rearrested in another county, which agency bears the cost of transporting the defendant back to the original county?

CONCLUSIONS

1. &nbspWhen an arrest warrant or bench warrant is issued after a defendant has failed to appear in court upon being released from the county jail and the defendant is rearrested in another county, the law enforcement agency that initiated the prosecution bears the cost of transporting the defendant back to the original county.

2. When a warrant for rearrest is issued for a violation of probation and the defendant is rearrested in another county, the probation department bears the cost of transporting the defendant back to the original county.

ANALYSIS

The two questions presented for resolution concern the costs of transporting a criminal defendant from one county to another. In the first situation, the defendant was booked **Footnote No. 1** into the county jail by a city police officer, was released from custody, and was then rearrested in another county after he failed to appear in court. In the second situation, the defendant was convicted, was placed upon probation, and was rearrested in another county for violating the terms of his probation. In both cases, a judge in the original county issued a warrant for the defendant's arrest, and the defendant was

transported back to the original county. Which government agency pays for the transportation costs?

1. Defendant Booked Into the County Jail, Released, and Rearrested in Another County

Generally speaking, after being booked into a county jail for a misdemeanor or felony charge, a criminal defendant may gain his release by posting bail (Pen. Code, § 1268, et seq.), **Footnote No. 2** being "cite released" by the sheriff upon a promise to appear (§§ 818, 827.1), or being released on his own recognizance by the court (§§ 1270, 1318, 1318.1, 1319). If the defendant fails to appear for his court date, the local law enforcement agency (e.g., the sheriff or a city police department) that initiated the prosecution may obtain an arrest warrant or bench warrant for his arrest. (§§ 813-816, 978.5-984.) "Warrants of arrest and bench warrants are commands to peace officers to bring persons before the court." (66 Ops.Cal.Atty.Gen. 256, 257 (1983).)

Two statutes govern our analysis of the first question. Section 821 sets forth the procedures to be utilized following an arrest for a felony:

"If the offense charged is a felony, and the arrest occurs in the county in which the warrant was issued, the officer making the arrest must take the defendant before the magistrate who issued the warrant or some other magistrate of the same county.

"If the defendant is arrested in another county, the officer must, without unnecessary delay, inform the defendant in writing of his right to be taken before a magistrate in that county, note on the warrant that he has so informed defendant, and, upon being required by defendant, take him before a magistrate in that county, who must admit him to bail in the amount specified in the endorsement referred to in Section 815a, and direct the defendant to appear before the court or magistrate by whom the warrant was issued on or before a day certain which shall in no case be more than 25 days after such admittance to bail. If bail be forthwith given, the magistrate shall take the same and endorse thereon a memorandum of the aforesaid order for the appearance of the defendant, or, if the defendant so requires, he may be released on bail set on the warrant by the issuing court, as provided in Section 1269b of this code, without an appearance before a magistrate.

"If the warrant on which the defendant is arrested in another county does not have bail set thereon, or if the defendant arrested in another county does not require the arresting officer to take him before a magistrate in that county for the purpose of being admitted to bail, or if such defendant, after being admitted to bail, does not forthwith give bail, *the arresting officer shall immediately notify the law enforcement agency requesting the arrest in the county in which the warrant was issued that such defendant is in custody, and thereafter such law enforcement agency shall take custody of the defendant within five days, or five court days if the law enforcement agency requesting the arrest is more than 400 miles from the county in which the defendant is held in custody, in the county in which he was arrested and shall take such defendant before the magistrate who issued the warrant, or before some other magistrate of the same county.* " (Italics added.)

Section 822 provides nearly identical procedures to be used in the event of an arrest for a misdemeanor:

"If the offense charged is a misdemeanor, and the defendant is arrested in another county, the officer must, without unnecessary delay, inform the defendant in writing of his right to be taken before a magistrate in that county, note on the warrant that he has so informed defendant, and, upon being required by defendant, take him before a magistrate in that county, who must admit him to bail in the amount specified in the indorsement referred to in Section

815a, or if no bail is specified, the magistrate may set bail; if the defendant is admitted to bail the magistrate shall direct the defendant to appear before the court or magistrate by whom the warrant was issued on or before a day certain which shall in no case be more that 25 days after such admittance to bail. If bail be forthwith given, the magistrate shall take the same and indorse thereon a memorandum of the aforesaid order for the appearance of the defendant.

"If the defendant arrested in another county on a misdemeanor charge does not require the arresting officer to take him before a magistrate in that county for the purpose of being admitted to bail, or if such defendant, after being admitted to bail, does not forthwith give bail, *the arresting officer shall immediately notify the law enforcement agency requesting the arrest in the county in which the warrant was issued that such defendant is in custody, and thereafter such law enforcement agency shall take custody of such defendant within five days in the county in which he was arrested and shall take such defendant before the magistrate who issued the warrant, or before some other magistrate of the same county*."

"If a defendant is arrested in another county on a warrant charging the commission of a misdemeanor, upon which warrant the amount of bail is indorsed as provided in Section 815a, and defendant is held in jail in the county of arrest pending appearance before a magistrate, the officer in charge of the jail shall, to the same extent as provided by Section 1269b, have authority to approve and accept bail from defendant in the amount indorsed on the warrant, to issue and sign an order for the release of the defendant, and, on posting of such bail, shall discharge defendant from custody." (Italics added.)

We have previously addressed the scope of the terms contained in sections 821 and 822 that refer to the responsibilities of "the law enforcement agency requesting the arrest." In 1958, we were asked whether the costs of returning a defendant from another county were chargeable to the City of Stockton or the County of San Joaquin where city police officers had initiated the prosecution. (31 Ops.Cal.Atty.Gen. 141 (1958).) We stated:

"The investigation and prevention of felony and misdemeanor offenses occurring within the corporate city limits is the function of the city police department. Although the sheriff exercises jurisdiction concurrent with the various police departments, the police departments of the various municipalities throughout the state have been chiefly responsible for the prevention and detection of crime within their respective corporate limits. The police function includes the arrest of persons for violations occurring within a city. The cost of effecting the arrest, including the cost of transporting the prisoner, is properly attributable to the city as part of the cost of police protection.

"Furthermore, it should be noted that section 821 of the Penal Code places the duty upon the law enforcement agency requesting the arrest in another county to take custody of said arrested felon, and to return him before the magistrate who issued the warrant. It is thus the express duty of the Stockton Police Department to transport a felon to Stockton where he has been arrested in another county pursuant to a warrant forwarded by the Stockton Police Department." (*Id.*, at pp. 142-143.)

In 47 Ops.Cal.Atty.Gen. 58 (1966) we were asked whether a municipal court marshal who received an arrest warrant and forwarded it to another county was the "law enforcement agency requesting the arrest" for purposes of transporting the prisoner back to the original county. We concluded:

"In the typical criminal case a warrant of arrest is issued only after a complaint charging a public offense has been filed with a magistrate. Pen. Code § 813. The criminal complaint which affords the basis for the issuance of the warrant of arrest is ordinarily secured from the district attorney by the law enforcement agency which has investigated the offense. In

from the district attorney by the law enforcement agency which has investigated the offense. In this context, it seems apparent that when sections 821 and 822 of the Penal Code use the phrase `law enforcement agency requesting the arrest,' they refer to the agency which has investigated the offense and secured the issuance of the complaint from the district attorney which afforded the basis for the issuance of the warrant of arrest." (*Id*., at p. 59.)

In another 1966 opinion, we were asked to determine which agency was responsible for returning a defendant from another county if the warrant was issued at the request of (1) a state agency, (2) a city police department, or (3) some other law enforcement agency. (48 Ops.Cal.Atty.Gen. 8 (1966).) In accordance with our earlier opinion that year, we concluded that where the warrant of arrest was issued at the request of a city police department, the duty of returning the prisoner from the other county would fall upon the city, and where the warrant was issued at the request of some other state or local law enforcement agency, the duty of returning the prisoner would fall on that law enforcement agency. (*Id*., at p. 9.)

Here, the sheriff has had custody of the defendant in the county jail, unlike the sheriff in 31 Ops.Cal.Atty.Gen. 141, *supra*. Such fact, however, does not shift the duty and cost of transporting the defendant from "the agency which investigated the offense . . ." (47 Ops.Cal.Atty.Gen., *supra*, at 58) for purposes of the governing statutes. If a city police department was the investigating agency, it will remain liable for the transportation costs regardless of where the booking of the defendant took place. Neither section 821 nor section 822 changes the rules based upon the booking location.

We conclude in answer to the first question that when an arrest warrant or bench warrant is issued after a defendant has failed to appear in court upon being released from the county jail and the defendant is rearrested in another county, the law enforcement agency that initiated the prosecution, i.e., investigated the offense and secured the issuance of the complaint, bears the cost of transporting the defendant back to the original county.

2.   Defendant Rearrested in Another County After Violating the Terms of Probation

Subdivision (a) of section 1203.2 provides:

"At any time during the probationary period of a person released on probation under the care of a probation officer pursuant to this chapter, or of a person released on conditional sentence or summary probation not under the care of a probation officer, *if any probation officer or peace officer has probable cause to believe that the probationer is violating any term or condition of his or her probation or conditional sentence, the officer may, without warrant or other process and at any time until the final disposition of the case, rearrest the person and bring him or her before the court or the court may, in its discretion, issue a warrant for his or her rearrest.* Upon such rearrest, or upon the issuance of a warrant for rearrest the court may revoke and terminate such probation if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation officer or otherwise that the person has violated any of the conditions of his or her probation, has become abandoned to improper associates or a vicious life, or has subsequently committed other offenses, regardless whether he or she has been prosecuted for such offenses. . . ." (Italics added.)

A person has been convicted and placed on probation by a court. Thereafter, he fails to comply with the terms of his probation. Upon being rearrested in another county pursuant to a warrant issued under the terms of subdivision (a) of section 1203.2, which law enforcement agency must bear the transportation costs of returning the defendant to the original county?

The chief probation officer of a county is an appointee of the superior court, except in a charter county, where he may be appointed by the board of supervisors. (§ 1203.6.) Each probation officer has the status and powers of a peace officer. (§ 830.5; Code Civ. Proc., § 131.4; 72 Ops.Cal.Atty.Gen 167

(1967).) A person placed on probation is the responsibility of the county probation department in that he is "committed to the care of the probation officer" during the period of his probation. (§ 1203.10). The probation officer is required to report to the court any violation of the terms and conditions of probation by the person placed in the officer's care. (§ 1203.12.) As indicated in section 1203.2, a probation officer's powers with respect to a probationer are exceedingly broad. Expenses incurred by probation officers in the performance of their duties are a charge upon the county. (Code Civ. Proc., § 131.6.)

We note that a defendant's violation of the terms and conditions of probation may occur long after he has committed the misdemeanor or felony offense for which he was convicted. The violation may have little to do with the original charge. For example, a warrant may issue for the failure to report to the probation officer, for the commission of unrelated crimes in another jurisdiction, or for the failure to attend mandated probation department programs.

Given these circumstances and the broad statutory authority of probation officers, we view the county probation department as the law enforcement agency that bears the responsibility for enforcing the terms and conditions of probation for all persons placed in its care. It is of no consequence that another local law enforcement agency initiated prosecution of the initial offense. Once the person is placed under the care of a probation officer, the expenses of transporting the person from another county pursuant to a warrant for violating the terms of probation would be the responsibility of the probation department. The probation department is the law enforcement agency that is requesting the arrest of the probationer.

We conclude in answer to the second question that when a warrant for rearrest is issued for a violation of probation and the defendant is rearrested in another county, the probation department bears the cost of transporting the defendant back to the original county.

* * * * *

---

**Footnote No. 1**
"To `book' signifies the recordation of an arrest in official police records, and the taking by the police of fingerprints and photographs of the person arrested, or any of these acts following an arrest." (Pen. Code, § 7, subd. 21.)
**Footnote No. 2**
All undesignated section references hereafter are to the Penal Code.